UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LISA LOUKS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>　　　　　Defendant. | Case No. 1:20-cv-01778-JPH-MJD |

## COSTCO'S MOTION TO STRIKE PLAINTIFF'S SUR-REPLY

### Introduction

Costco moves this Court to strike the Sur-Reply filed by Plaintiff Lisa Louks [ECF No. 47]. While the act of filing a sur-reply is not per-se improper under the Local Rules for the Southern District of Indiana, Louks' Sur-Reply fails to cure the evidentiary defects identified by Costco in its Reply [ECF No. 46], and therefore does not fall within the narrow confines of Local Rule 56-1(d), and is thus impermissible. Further - and more importantly to the Motion currently pending before the Court - none of these evidentiary defects create a material issue of fact as to whether Costco failed to accommodate Louks or retaliated against her -- indeed the *undisputed facts* establish that Costco did neither. In short, the evidence cited below should be struck and disregarded by the Court, making summary judgment proper.

**A.    Paige Hall's Declaration Should Be Struck**

Costco does not agree that Paige Hall's declaration [ECF 44-6] meets the requirements of either Federal Rule of Civil 56 or Federal Rule of Evidence 701 and asks the Court to disregard it in its entirety.

Louks' claims that Hall makes her declaration statements based on her personal perception, but she provides the Court with hardly any context and no foundation to support those perceptions. Rather, Hall's statements such as "we frequently worked together" or that it was "common" for the two to work an entire shift, fail to meet the specificity requirements of FRE 701. Hall's declaration provides no details as to how many times these two hourly, part-time employees worked together or the amount of time that their shifts overlapped.

On this point, the Notes of the Advisory Committee on this Rule of Evidence are both illustrative and helpful. Federal Rule of Evidence 701 requires the opinion of a lay witness to be "helpful to clearly understanding the witness's testimony or to determining a fact in issue …" Fed. R. Evid. 701(b). Hall's declaration is neither. Indeed, the "testimony" of a non-management employee, who did not even hold the same position as Louks, who was not responsible for evaluating Louks' performance or determining whether she was meeting her Department Manager's expectations, or able to perform the essential functions of her position as a part-time pharmacist, lacks the foundation necessary to allow her personal observations be admissible, and is not "helpful in resolving issues." (https://www.law.cornell.edu/rules/fre/rule_701.) The Advisory Committee Notes contemplate exactly what is happening here and caution this should *not be allowed*: Louks is attempting to "introduce meaningless assertions which amount to little more than choosing up sides," and Costco asks the Court to exclude Hall's Declaration its "for lack of helpfulness, [which] is called for by the rule." *Id.*

**B.    Paragraph 34 of Louks' Declaration Should be Struck**

Contrary to her assertions, Louks has done nothing to establish either own personal knowledge or her "ability to infer" about what it was (if anything) her health care provider did in order to regularly "ke[ep] Unum updated as to her condition." (ECF No. 44-1, Louks

2

73930192v.5

Declaration ¶34.)  Simply incanting such a statement does not make it so.  Rather the *Bitler* case (relied upon by Louks, ECF No. 47, at 3) goes on to point out that "[t]he following statements do not comply with the rule and should be disregarded: (1) *conclusory allegations lacking supporting evidence*; (2) legal argument; (3) *self-serving statements without factual support in the record*; (4) *inferences or opinions not grounded in observation or other first-hand experience*; and (5) *mere speculation or conjecture*.  *Bitler Inv. Venture II, LLC v. Marathon Ashland Petroleum, LLC*, 2011 WL 1296167, at *1-2 (N.D. Ind. Mar. 31, 2011) (emphasis added) (agreeing to strike those paragraphs that go "beyond [the plaintiff's] personal knowledge and competence").  Paragraph 34 of Plaintiff's Declaration contains all these non-complaint concerns and should be stricken (along with her other conclusory declaration statements that fail to establish any personal knowledge or rely on any factual support in the record) and disregarded by the Court in deciding Costco's Motion for Summary Judgment.

**C.    Louks Declaration Par. 110 is Contrary to Her Deposition Testimony**

Louks' Sur-Reply suggests that Costco did not identify the deposition testimony that was contrary to the statement contained in Louks' Declaration Paragraph 110.  (ECF No. 47 at 4.)  This is simply not accurate.  In its Reply (*see* ECF 46 at 7-8), Costco specifically set forth and emphasized the admissions Louks made in her deposition (*see* Costco's SOF ¶ 30 (ECF 40, p. 8), which cites Louks' deposition at ECF 38-1 at 243:6-18, 243:23-244:10, 244:22-245:1).  Costco set out this testimony immediately prior to citing the contradictory and self-serving statements in Paragraph 110 of Louks' Declaration.  Costco asks the Court to disregard Louks' contradictory testimony when deciding its Motion for Summary Judgment.  *See Odongo v. Brightpoint N. Am.*, 2018 U.S. Dist. LEXIS 1616668 at *16-17 (S.D. Ind. Sept. 21, 2018) (plaintiff could not use an affidavit that contradicts his prior deposition testimony to defeat summary judgment) (citing *US v. Funds in Amt. of Thirty Thousand Six Hundred Seventy Dollars*, 730 F.3d 711 (7th Cir. 2013)).

73930192v.5

### D.      Documents Produced in Discovery

In its Reply, Costco took issue with the facts that Louks' counsel attempted to authenticate documents about which she has no personal knowledge -- an argument to which Louks fails to respond. *Roloff v. Sullivan*, 772 F. Supp. 1083, 1088 (N.D. Ind. 1991), *aff'd*, 975 F.2d 333 (7th Cir. 1992) (Affidavits submitted on a Rule 56 summary judgment motion based on documents or reports received by the affiants, but about which the affiants have no personal knowledge, contain inadmissible hearsay… and "Moreover, *affidavits of attorneys* who lack personal knowledge of information related in supporting documentation are not entitled to consideration on a summary judgment motion") (emphasis added).

Even if the Court determines that documents produced by her counsel in discovery are "authentic" that does not relieve them of the fact that they still contain inadmissible hearsay -- which Louks' Sur-Reply also does not address. *See Igasaki v. Illinois Dep't of Fin. & Pro. Regul.*, 988 F.3d 948, 955–56 (7th Cir. 2021) (holding that record materials must still be admissible as evidence at trial, "although the form produced at summary judgment need not be admissible" (*citing Wragg v. Vill. of Thornton*, 604 F.3d 464, 466 (7th Cir. 2010)) and "[i]f the evidence is inadmissible hearsay, the courts may not consider it." (*citing Cairel v. Alderden*, 821 F.3d 823, 830 (7th Cir. 2016)). The statements contained in the EEOC file, Unum's file produced in discovery, and documents produced by Costco in discovery cannot be considered by the Court on summary judgment to the extent that they contain inadmissible hearsay. For example, neither Louks -- nor her counsel -- could ever testify at trial regarding statements by Louks' physicians made directly to Unum (*i.e.*, not to any formal party to this litigation) regarding Louks' work abilities and could never overcome Costco's hearsay objection.

Also unaddressed by Louks are the blanket citations to multi-page, group exhibits that fail to delineate the page or paragraph number where the supporting evidence can be found,

73930192v.5

which remains in violation of the Court's "practices and procedures" (April 2021), and which states that evidence must be so specified, or face the consequence that the "unsupported facts may be disregarded." *See Bluestein v. Cent. Wisc. Anesthes., S.C.*, 769 F.3d 944, 948 n.1 (7th Cir. 2014).

## Conclusion

For the reasons set forth above, Costco asks the Court to strike and disregard Louks' Sur-Reply [ECF 47] when deciding Costco's Motion for Summary Judgment.

DATED:  August 11, 2021

Respectfully submitted,

COSTCO WHOLESALE CORPORATION

By: s/*Erin Dougherty Foley*
     One of Its Attorneys

Erin Dougherty Foley
Kyla J. Miller
Seyfarth Shaw LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois  60606-6448
Telephone:   (312) 460-5000
Facsimile:    (312) 460-7000

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

73930192v.5

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the 11th day of August, 2021, the foregoing **DEFENDANT COSTCO WHOLESALE CORPORATION'S MOTION TO STRIKE PLAINTIFF'S SUR-REPLY** was served via the Court's CM/ECF system to:

>Kimberly D. Jeselskis
>Jeselskis Brinkerhoff and Joseph, LLC
>350 Massachusetts Avenue, Suite 300
>Indianapolis, Indiana 46204
>kjeselskis@jbjlegal.com

                        s/ Erin Dougherty Foley

73930192v.5