UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LISA LOUKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:20-cv-01778-JPH-MJD |
| vs. | ) |
| | ) |
| COSTCO WHOLESALE CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S SURREPLY**

**I.   INTRODUCTION**

On June 4, 2021, Defendant filed its Motion for Summary Judgment, along with its supporting brief and appendix [Dkt. Nos. 38-40]. On July 19, 2021, Plaintiff filed her Response in Opposition to Defendant's Motion for Summary Judgment and her Summary Judgment Appendix ("Response") [Dkt. Nos. 43-44]. On August 2, 2021, Defendant filed its Reply in Support of Motion for Summary Judgment ("Reply") [Dkt. No. 46]. In its Reply, Defendant made certain objections to evidence that Plaintiff submitted in support of her Response. On August 9, 2021, Plaintiff filed her Surreply to Defendant's Reply in Support of Motion for Summary Judgment ("Surreply") [Dkt. No. 47].

On August 11, 2021, Defendant filed a Motion to Strike Plaintiff's Surreply [Dkt. No. 50].[1] Defendant argues that Plaintiff's Surreply does not meet the standards set out by Local Rule 56-1(d). For the reasons stated below, Plaintiff respectfully requests this Court deny Defendant's Motion to Strike.

---

[1] The Southern District "disfavors collateral motions—such as motions to strike—in the summary judgment process." *Collins. Al-Shami*, 2015 WL 5098533, *16 (S.D. Ind. 2015) (*quoting* L.R. 56-1(i)).

## II. S.D. Ind. L.R. 56-1(d) Permits Plaintiff to File a Surreply to Address Defendant's Evidentiary Objections.

S.D. Ind. L.R. 56-1(d) states in full:

> Surreply. A party opposing a summary judgment motion may file a surreply brief only if the movant cites new evidence in the reply or objects to the admissibility of the evidence cited in the response. The surreply must be filed within 7 days after the movant serves the reply and must be limited to the new evidence and objections.

In its Reply, Defendant objected to the admissibility of 1) the Declaration of Paige Hall; 2) the Declaration of Lisa Louks; and 3) the Declaration of Kimberly D. Jeselskis, which were included in Plaintiff's Summary Judgment Appendix in Support of Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment. Because Defendant made such objections, Plaintiff was permitted, pursuant to S.D. Ind. L.R. 56-1(d), to file a Surreply to address those objections. Plaintiff complied with the local rule as her Surreply is limited to addressing the evidentiary objections made by Defendant in its Reply.

In support of its Motion to Strike, Defendant also attempts to add additional criterion for Plaintiff to meet in her Surreply by stating that Plaintiff must cure "evidentiary defects" and thus her Surreply "does not fall within the narrow confines of Local Rule 56-1(d) . . ." However, this is not what S.D. Ind. L.R. 56-1(d) states or requires.

Accordingly, Defendant's Motion to Strike should be denied as Plaintiff's Surreply is permitted pursuant to S.D. Ind. L.R. 56-1(d).

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Strike Plaintiff's Surreply.

Respectfully submitted,

*s/Kimberly D. Jeselskis*
Kimberly D. Jeselskis, Attorney No. 23422-49
MacKenzie Johnson, Attorney No. 36139-32
JESELSKIS BRINKERHOFF AND JOSEPH, LLC
320 North Meridian Street, Suite 428
Indianapolis, IN 46204
Telephone: 317-220-6290
Facsimile:  317-220-6291
kjeselskis@jbjlegal.com
mjohnson@jbjlegal.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

    I hereby certify that on the 24th day of August 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's ECF. Parties may access this filing through the Court's system:

| | |
|---|---|
| Kyla J. Miller | kjmiller@seyfarth.com |
| Erin Dougherty Foley | edfoley@seyfarth.com |

                        *s/Kimberly D. Jeselskis*
                        Kimberly D. Jeselskis